

**IT IS ORDERED as set forth below:**

**Date: September 28, 2017**

_____

**Mary Grace Diehl
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In Re: | ) | CASE NO. 15-56153-mgd |
| | ) | |
| Think Retail Solutions, LLC, | ) | CHAPTER 7 |
| | ) | |
| Debtor | ) | |
| Robert Trauner, as Trustee for the Estate of Think Retail Solutions, LLC; and, as applicable, as Trustee for the Estate of Tammy P. Simpson, | ) ) ) ) ) | ADVERSARY PROCEEDING NO. 17-05078 |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Delta Air Lines, Inc., | ) ) | |
| Defendant. | ) | |

**PROTECTIVE ORDER**

WHEREAS, Robert Trauner, Chapter 7 Trustee (the "Trustee") under Chapter 11 of Title 11, United States Code, (the "Bankruptcy Code") of Think Retail Solutions, LLC ("Think Retail"), the debtor in the above-styled case (the "Debtor Think Retail Bankruptcy Case"); by and through counsel, pursuant to, inter alia, Section 105(a) of the Bankruptcy Code (11 U.S.C. § 105(a), and Fed. R. Civ. P. Rule 26(c), made applicable to Bankruptcy matters by, *inter alia*,

1

Fed. R. Bankr. P 7026, has moved for the entry of this Protective Order (the "<u>Protective Order</u>") on the grounds that certain documents or information encompassed by discovery demands or pleadings in matters related to the Debtor Think Retail Bankruptcy Case, including certain adversary proceedings[1] brought by the Trustee and pending before this Court in the Think Retail Case (collectively the "<u>Adversary Proceedings</u>") may involve the production or disclosure of trade secrets, confidential business information, or other proprietary information.

WHEREAS, the Trustee seeks this Protective Order on behalf of himself and other parties-in-interest to consenting to this Order in order to limit the disclosure thereof in accordance with Fed. R. Civ. P. 26(c).

NOW THEREFORE, for good cause shown upon the record in these proceedings and the agreement of counsel it is hereby stipulated among the parties and ORDERED that:

1.  <u>Parties and Definitions</u>.  Subject to the terms of this Protective Order, (i) the Trustee, (ii) parties-in-interest consenting to this Order (the "<u>Consenting Parties</u>") and (iii) persons or entities who are parties to the Adversary Proceedings and in the future wish to receive documents or information covered by the protections of this Protective Order, or utilize the protections of this Protective Order, and who have executed either a stipulation and/or consent order joining in this Protective Order and agreeing to be bound by its terms, or, as applicable, an Acknowledgment (hereinafter, the "<u>Acknowledging Parties</u>") substantially in the form as attached as Exhibit "A" (collectively hereinafter, the Trustee, the Consenting Parties and the Acknowledging Parties are hereinafter the "<u>Participating Parties</u>" and each a "<u>Participating Party</u>"), may in good faith designate documents, information, and things as either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," depending on the sensitivity of the document or thing.

---

[1] The Adversary Proceedings brought by Trustee have been assigned the following Case #s by the Clerk of this Court, and are against the following defendants: A.P. No. 17-05074-mgd, American Express Centurion Bank, Defendant; A.P. No. 17-05075-mgd, Atlanta Transportation and Limo, LLC, White Glove Limousine, Inc. d/b/a Atlanta Transportation, and Anthony Skelton Individually d/b/a Atlanta Transportation, Defendants; A.P. No. 17-05077-mgd, Bank of America, N.A., Defendant; A.P. No. 17-05086-mgd, Angela Carter, Defendant; 17-05078-mgd, Delta Air Lines, Inc., Defendant; 17-05079-mgd, Golden Nugget Biloxi, Inc. dba Golden Nugget Casino Hotel Biloxi, Defendant; 17-05082-mgd, Premier Entertainment Biloxi LLC d/b/a Hard Rock Hotel & Casino Biloxi, Defendant; 17-05083-mgd, Joe C. Poole, Defendant; 17-05084-mgd, James Dan Simpson and Elizabeth Simpson, Defendants; 17-05085-mgd, Wayne Simpson and Lauren Simpson, Defendants; 17-05081-mgd, Las Vegas Sands, LLC and Venetian Casino Resort, LLC, Defendants.

(a) For purposes of this Protective Order and all documents or things to which this Protective Order may apply, the phrase "Confidential Information" means any document or information supplied in any form, or any portion thereof, which the designating Participating Party reasonably and in good faith believes that if disclosed or otherwise made available to others and/or the public, such disclosure would likely harm the designating Participating Party's competitive position concerning, *inter alia*: that entity's business operations; business processes; business strategies; confidential information regarding customers, dealers and distributors and/or other commercially sensitive information that is not publicly known, and/or would likely contravene the designating Participating Party's obligation of confidentiality to a third party; or, as to non-publicly available personal information, would likely cause comparable harm to the designating Participating Party's personal interests. Furthermore, documents and things may be designated as "CONFIDENTIAL" only to the extent a designating Participating Party in good faith considers such documents or things to contain Confidential Information not otherwise known or available to the public. Through designating any document or thing as "CONFIDENTIAL" in the applicable Adversary Proceedings, the designating Participating Party is representing to all other Participating Parties and this Court the designating party's good faith belief that the document or thing labeled "CONFIDENTIAL" contains "Confidential Information" within the meaning of this subparagraph.

(b) For purposes of this Protective Order and all documents or things to which this Protective Order may apply, the phrase "Confidential – Attorneys' Eyes Only" means any document or thing supplied in any form, or any portion thereof, which the designating Participating Party reasonably believes to be so economically or competitively sensitive that (i) it is sufficiently valuable and secret to afford a potential or actual advantage over others, (ii) its disclosure to existing or potential business competitors would materially affect or threaten injury to the business, commercial, or financial interests of such Participating Party, and (iii) it is reasonable under the circumstances to maintain its secrecy. Furthermore, documents and things may be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the extent a designating Participating Party in good faith considers such documents or things to contain Confidential Information not otherwise known or available to the public and information that may threaten competitive harm to the designating Participating Party; or, as to non-publicly

3

available personal information, would likely cause comparable harm to the designating Participating Party's personal interests. Through designating any document or thing as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in the applicable Adversary Proceedings, the designating Participating Party is representing to all other Participating Parties and this Court the designating Participating Party's good faith belief that the document or thing labeled "CONFIDENTIAL – ATTORNEYS' EYES ONLY" contains Confidential Information within the meaning of this subparagraph.

(c) Notwithstanding the foregoing definitions of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and the limitations on the designation of documents containing same, for the purposes of facilitating full and complete responses to discovery requests, and to foster the disclosure of documents and information which may assist in the resolution of the Adversary Proceedings, a Participating Party may, out of an abundance of caution, or otherwise, initially designate documents or categories of documents as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," with the understanding that the designation of any particular document or categories of documents will be revisited and reconsidered in the event of any request to do so by any Participating Party who has received such document or category of documents, and each Participating Party, by agreeing to be bound by the provisions of this Protective Order, also agrees to negotiate in good faith with all other applicable Participating Parties to informally resolve any disputes regarding the designation of documents or categories of documents as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." All documents or information produced by a Participating Party to the Trustee in the applicable Adversary Proceedings, the Debtor Think Retail Bankruptcy Case, or the Chapter 7 bankruptcy case commenced by Tammy Patricia Simpson on or about April 3, 2015 which was assigned Case # 15-56155, whether in response to a subpoena or otherwise, shall be deemed "CONFIDENTIAL," notwithstanding the fact that such documents or information may not have previously been designated as "CONFIDENTIAL" when initially produced by the Participating Party, and treated accordingly pursuant to this Protective Order by any Participating Party receiving such documents or information.

2. <u>Use of Confidential Information</u>. With respect to all documents and things produced by a Participating Party for inspection and copying that are designated as

4

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by either the producing Participating Party, or by the Trustee, pursuant to the procedures described below in paragraph 6, the documents and things, and the information contained therein, shall be received and used only for purposes related to the applicable Adversary Proceedings, unless: (a) the producing Participating Party and the Trustee expressly consent in writing or on the record in the Debtor Think Retail Bankruptcy Case, including associated Adversary Proceedings, or Bankruptcy Case # 15-56155-wlh pending in this Court, to another use or (b) this Court, after notice to the appropriate Participating Parties and the Trustee, and the opportunity for a hearing, deems this Protective Order applicable to such other use, and authorizes such other use subject to the terms and provisions of this Protective Order.  Documents, things, and the information contained therein, designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," may not be used for promotional, competitive, or any purposes not specifically authorized by this Protective Order.

3. <u>Redaction of Personally Identifiable Information</u>.   To the extent any receiving Participating Party desires to use Confidential Information pursuant to Paragraph 2 hereof that contains or references personally identifiable information, including, without limitation, an individual's social security number or date of birth, taxpayer-identification number, financial account number or credit/debit card numbers or any other information falling within the scope of Federal Rule of Bankruptcy Procedure 9037 (the "PII"), such Participating Party shall: (i) first notify and consult with the producing Participating Party that initially provided the PII regarding the Participating Party's desired use of the Confidential Information containing the PII and (ii) redact the PII from any filing in the Adversary Proceedings or other public dissemination thereof so as to comply with Fed. R. Bankr. P. 9037.

4. <u>Authorized Persons for Confidential Documents</u>. Information, documents, or things designated "CONFIDENTIAL" may be disclosed by the recipient thereof only to:

(a) counsel of record for Participating Parties in the Adversary Proceedings, including their authorized secretarial, clerical, or legal-assistant staff (hereinafter, "<u>Counsel of Record</u>");

(b) in-house counsel and other professionals of the Participating Parties;

(c) the Trustee;

(d) Chapter 7 debtors Think Retail and Tammy Simpson (collectively, the "Debtors") solely to the extent they are parties to the applicable Adversary Proceeding or the Confidential Information is the Debtors' information (such as PII for Debtor Simpson);

(e) outside consultants and experts (including their staff) in the applicable Adversary Proceedings, subject to the provisions of paragraph 8;

(f) the Bankruptcy Court and Bankruptcy Court personnel, subject to paragraph 10;

(g) court reporters employed in connection with the Adversary Proceedings; and

(h) outside copying and computer services necessary for document handling and other litigation support, who shall be provided with a copy of this Protective Order and shall execute the Acknowledgment attached as Exhibit A.

5. <u>Authorized Persons for Attorneys' Eyes Only Documents</u>. Information, documents, or things designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed by the recipient thereof only to:

(a) Counsel of Record;

(b) in-house counsel and other professionals of the Participating Parties;

(c) the Trustee;

(d) outside consultants and experts (including their staff), subject to the provisions of paragraph 8;

(e) the Bankruptcy Court and Bankruptcy Court personnel, subject to paragraph 10;

(f) court reporters employed in connection with the Adversary Proceedings; and

(g) outside copying and computer services necessary for document handling and other litigation support, who shall be provided with a copy of this Protective Order and shall execute the Acknowledgment attached as Exhibit A.

6. <u>Document Production Protocols</u>.

(a) The designation process for Confidential Information shall be as follows:

(i) The designating Participating Party shall make a good faith effort to designate information so as to provide the greatest level of disclosure possible but still preserve confidentiality as appropriate.

6

(ii) All protected material in the form of physical objects or documents shall be designated as containing Confidential Information by stamping or affixing on the face of each document and on each page or portion thereof, situated so as to not affect legibility, one of the following two legends: "CONFIDENTIAL" or "CONFIDENTIAL– ATTORNEYS' EYES ONLY," as the case may be (in either lower case or upper case letters), subject to the provisions of Paragraph 1(c) of this Protective Order.

(iii) All protected material in the form of software or digital material stored on an electronic storage device shall be designated as containing Confidential Information by placing either "CONFIDENTIAL" or "CONFIDENTIAL– ATTORNEYS' EYES ONLY" legend on the device itself, if possible, or by designating the material as containing Confidential Information in accompanying correspondence, email or similar transmission.

(b) <u>Withdrawal of Designation</u>. A Participating Party who has designated information as containing Confidential Information may withdraw the designation by written notification to all Receiving Persons.

7. <u>Deposition and Transcript Protocols</u>. If depositions are conducted in the Adversary Proceedings, or in any matter to which this Protective Order is applicable, during which information considered to be "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is properly referenced, identified, marked as an exhibit or otherwise disclosed, the transcripts, exhibits thereto, and any other record of the deposition may be designated and treated in the same manner as any documents and things otherwise subject to this Order. The portions of depositions involving "CONFIDENTIAL" information or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information will be taken with no one present except Counsel of Record, the Trustee, the court reporter, the deponent, and such other persons as would be allowed to receive the information under paragraphs 4 and 5 above, as the case may be. Counsel of Record also shall have ten business days after receipt of a non-draft deposition transcript to designate, in good faith, specific portions (*i.e.*, pages) thereof as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." From the date of the deposition until expiration of such period, the entire deposition will be treated as subject to protection against disclosure as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this

Protective Order and not filed with the Court or other tribunal, as applicable, except under seal marked with reference to this Protective Order as provided in paragraph 9 hereof.

8. <u>Disclosure to Experts</u>. Documents and things designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," any information contained in such documents and things and deposition testimony and transcripts relating to such documents and things may be disclosed to any expert whom any of the Participating Parties retains solely for purposes of the Adversary Proceedings whether as a consulting or testifying expert. Prior to disclosure of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, any consulting or testifying expert receiving information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be provided with a copy of this Protective Order and shall execute the Acknowledgment attached as Exhibit A, which shall then be served upon Counsel of Record for every Participating Party that has produced documents or things so designated.

9. <u>Privilege Logs</u>. Nothing in this Protective Order shall require disclosure of any material that a Participating Party contends is protected from disclosure by the attorney-client privilege, work-product doctrine immunity or any other legally recognized privilege. Copies of documents may be produced in masked form if the masking serves to redact: (a) information protected by the attorney-client privilege; (b) information protected by the work-product doctrine; and/or (c) any other applicable privilege. If documents are provided in masked form by a Participating Party, the Participating Party shall also provide to any receiving Participating Party a log generally identifying the information masked and stating the purpose for the masking. The receiving Participating Party may take issue with the masking of the identified information by filing an appropriate motion with this Court, or other tribunal, as applicable.

10. <u>Use of Information at Hearings and Filing Documents under Seal</u>. Information identified as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Protective Order may be disclosed in testimony, in hearings, or at the trial of any Adversary Proceedings, or may be entered into evidence at hearings or at the trial of any Adversary Proceedings, subject to the applicable provisions of the Federal Rules of Evidence, this Protective Order, and any further Order that this Court, or other tribunal, as applicable, may enter. The use of such information in any applicable Adversary Proceeding shall not cause the

8

information to lose its confidential status. In the event any Participating Party wants to file or use at hearing any documents or things designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" with this Court, or other tribunal, as applicable, and the designating Participating Party does not consent to such material being filed in the public record or used at hearing, then the Participating Party desiring to file or use such documents or things shall make an application to this Court or tribunal, on notice to the designating Participating Party, for (i) leave under 11 U.S.C. § 107(b), or other relevant rule, to file such material under seal, or otherwise submit in camera, or (ii) a determination that such material should not be treated as Confidential or Highly Confidential. In the event that this Court, or other tribunal, as applicable, after appropriate notice and a hearing, permits any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to be filed under seal, or submitted in camera, such material, and any pleadings, motions, or other papers filed with this Court, or other tribunal, as applicable, shall be filed, or submitted, as applicable, in a sealed envelope (or other sealed container) which shall be endorsed with the title of the action, the words "CONFIDENTIAL INFORMATION" and a statement in substantially the following terms:

> This envelope contains documents or things that were filed in this action pursuant to a Protective Order. The envelope is not to be opened or the contents thereof to be displayed or revealed, except by Order of the Court.

The foregoing shall not prevent any appropriately marked second copy of any designated material specifically intended for review by this Court or other tribunal from being hand delivered to this Court, or other tribunal, as applicable, to assure that the same is brought promptly to this Court's or other tribunal's attention. The foregoing also shall not prevent any Participating Party, or any other person with an interest or standing to do so, to file a motion or other appropriate pleading with this Court, or other tribunal, as applicable, challenging the initial sealing of any such documents or things and/or the continued sealing of any such documents or things.

    11.    <u>Inadvertent Disclosure</u>. Every Participating Party shall take reasonable precautions to prevent unauthorized or inadvertent disclosure of Confidential Information

9

designated pursuant to this Protective Order.  Such information shall, when not in use, be stored in such a manner that persons not in the employment or service of those possessing such Confidential Information will be unlikely to obtain access to it.  If any person in possession of Confidential Information learns of any improper disclosure of same, such person, or, as applicable, such person's counsel, shall, within five days after so learning: (a) notify the producing Participating Party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment" that is attached hereto as Exhibit A.

      12.    <u>Clawback and Nonwaiver.</u> The production or disclosure of privileged or work-product protected documents, electronically stored information ("ESI") or information (including, without limitation, materials or information protected by the attorney-client privilege, attorney work product, or other privilege or protection) (collectively, "Privileged Information"), whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in the Adversary Proceedings or in any other proceeding and it is expressly agreed by the Participating Parties that this Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Upon discovery by a producing Participating Party that it did or may have produced Privileged Information, the producing Privileged Party shall, within ten days of such discovery, request the return of such Privileged Information by sending a written notification ("<u>Clawback Letter</u>") to the receiving Participating Party, which shall identify the documents or ESI in question by Bates number or otherwise and the basis on which the Privileged Information should have been withheld from production.  The requirements in this paragraph apply equally to instances in which a producing Participating Party discovers during a deposition that it did or may have produced Privileged Information.  For purposes of this protocol, "discovery" shall mean "actual notice;" production of Privileged Information alone is insufficient to constitute actual notice.  Upon receipt of a Clawback Letter, the receiving Participating Party shall promptly destroy or delete all documents or ESI containing Privileged Information identified in the Clawback Letter, and all reproductions or summaries thereof, regardless of whether the receiving Participating Party plans to challenge the claim of privilege.  The receiving Participating Party shall follow these procedures regardless of

whether a document is comprised fully or partially of Privileged Information.  The producing Participating Party shall, within twenty business days of the date of the Clawback Letter, reproduce any document or ESI that is comprised only partially of Privileged Information with the Privileged Information redacted.  If a receiving Participating Party disagrees with a claim of privilege set forth in a Clawback Letter, it shall notify the producing Participating Party and provide the basis for disputing the privilege claim in writing.  The producing Participating Party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved.  Thereafter, the parties shall meet and confer in a good faith attempt to resolve the dispute.  In the event that the parties do not resolve their dispute, the receiving Participating Party may bring a motion for a determination of whether a privilege applies.  If such a motion is made, the producing Participating Party shall submit to the Bankruptcy Court, under seal and for *in camera* review, a copy of the disputed Privileged Information in connection with its motion papers.  This in camera submission to the Court shall not constitute a waiver of any privilege or protection.  Any motion to determine whether a privilege applies shall be filed no later than thirty days after the Parties meet and confer, unless otherwise agreed by the parties.  All documents and ESI identified in any Clawback Letter shall be included in the privilege logs produced by the producing Participating Parties.  The obligations of the Participating Parties set forth in this section apply irrespective of the care taken by the producing Participating Party to prevent disclosure of the Confidential Information.

      13.     <u>Destruction of Confidential Information</u>.  Unless otherwise ordered by this Court, or other tribunal, as applicable, documents or other information identified by any Participating Party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and all copies thereof, shall, within 90 days after the conclusion of the last-resolved relevant Adversary Proceeding by settlement, dismissal or final decree, either be: (1) returned to the Participating Parties producing such documents, transcripts or information; or (2) destroyed.  If destroyed, such destruction of all such designated materials shall be certified in writing to the producing Participating Parties.  Notwithstanding the foregoing, and subject to the terms of this Protective Order, Counsel of Record for the Trustee and Participating Parties may keep one copy of papers served upon Participating Parties or filed with this Court, expert reports, and deposition

transcripts that refer to or incorporate "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

14. <u>Challenging Designations</u>.  Any Participating Party shall have the right to challenge any designation by seeking an order of this Court, or other tribunal, as applicable, with respect to any information, documents or things designated by the producing Participating Party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  In any such proceeding, the producing Participating Party shall have the burden of establishing the need for maintaining such designation.  Before seeking any relief under this paragraph from this Court, or other tribunal, as applicable, the parties will make a good-faith effort to resolve any disputes concerning the treatment of any such information.

15. <u>Service of Acknowledgment</u>.  Any Acknowledgment signed by any Acknowledging Party shall be served by the requesting party upon the Consenting Parties in any Adversary Proceeding to which this Protective Order is applicable, within five business days of the date of execution of the Acknowledgment.

16. <u>Late Designation</u>.  If through inadvertence, error or oversight, a Participating Party fails to properly designate a document, tangible thing, or information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the time of production or disclosure, that Participating Party shall promptly notify any receiving Participating Parties of such error or oversight as soon as such error or oversight is discovered and shall provide properly designated copies of the particular document(s), tangible thing(s), or information that have been reclassified as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Thereafter, the receiving Participating Parties shall return or destroy all clean, unmarked copies of the document; shall mark all other copies with the proper designation; and shall otherwise treat such document(s), tangible thing(s), or information in the same manner as if it had been properly designated or classified originally.

17. <u>Nothing in this Protective Order shall</u>:

(a) Constitute a concession or admission on the part of the receiving Participating Party that the information, document, or thing is confidential or a trade secret or that it has been properly designated as such.

(b) Limit a receiving Participating Party's use of: (1) documents and information obtained through lawful and permissible avenues other than discovery in any Adversary Proceeding, or (2) documents obtained through discovery in any Adversary Proceeding that subsequently become publicly available through no fault of the receiving Participating Party.

(c) Limit, expand or restrict any Participating Party's right: (1) to resist or compel discovery with respect to materials that any Participating Party may claim to be privileged or otherwise not discoverable in any Adversary Proceeding; or (2) seek additional protection pursuant to the Federal Rules of Civil Procedure.

(d) Bar or otherwise prevent any attorney herein from rendering legal advice to his or her client that is based on the attorney's examination or knowledge of "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY;" *provided, however*, that in rendering such legal advice and in otherwise communicating with his or her client, such attorney shall not disclose the contents or source of any "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" to any person not authorized to receive such information under the terms of the various provisions of this Protective Order. Violations of this Protective Order shall be subject to the contempt powers of this Court and such other sanctions as this Court may deem appropriate.

18. Miscellaneous Provisions

(a) All Confidential Material shall remain the exclusive proprietary property of the Producing Party.

(b) The Participating Parties shall be severally (not jointly) responsible for any breach of this Protective Order. The Participating Parties agree that the unauthorized disclosure or use of Confidential Information may cause irreparable harm and significant injury to a producing Participating Party, the degree of which may be difficult to ascertain and that money damages may not be a sufficient remedy for any breach and that the producing Participating Parties shall therefore be entitled to seek equitable relief, including, without limitation, by way of an injunction and specific performance, in the event of any breach of the

provisions of this Protective Order, in addition to all other remedies available to the producing Participating Party at law or in equity.

(c) The provisions set forth in this Protective Order may only be modified or waived by a separate writing by the Participating Parties hereto expressly modifying or waiving such provision.

(d) No failure or delay by any Participating Party in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise preclude any further exercise of any right, power or privilege hereunder.

(e) This Protective Order shall be governed by, and construed in accordance with, the laws of the State of Georgia without giving effect to the otherwise applicable principles of law as to conflicts or choice of law of such state.

(f) The Participating Parties hereby irrevocably and unconditionally consent to submit to the jurisdiction of the Bankruptcy Court for any issues, actions, suits, or proceedings arising out of or relating to this Protective Order.

19. <u>Immediate Effect</u>. The Trustee and the Consenting Parties whose counsel have heretofore signed this Protective Order agree to be bound by its terms pending its adoption or modification by this Court; and this Protective Order, as it may be modified, shall be in effect as to such persons upon its entry. Thereafter, this Protective Order shall become binding upon other Consenting Parties or Acknowledging Parties upon their execution of a stipulation, consent order and/or an Acknowledgement agreeing to be bound by its terms. If applicable, this Protective Order shall become binding upon any other person upon the entry of an order by this Court or other court or tribunal of competent jurisdiction that such person shall be bound by this Protective Order. This Court shall retain jurisdiction to resolve any dispute concerning the applicability of this Protective Order and the dissemination or use of information disclosed hereunder. After termination of all Adversary Proceedings to which this Protective Order is applicable, this Protective Order shall continue to be binding upon the Participating Parties hereto and all persons to whom "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" has been disclosed or communicated.

**[END OF DOCUMENT]**

**[Signature(s) Contained on Following Page(s)]**

| PREPARED BY AND CONSENTED TO | CONSENTED TO: |
|---|---|
|  | **Troutman Sanders, LLP** |
| */s/ W. Russell Patterson, Jr.* | /s/  Matthew R. Brooks |
| W. Russell Patterson, Jr. | Harris B. Winsberg (GA Bar No. 770892) |
| Georgia Bar No. 566920 | Matthew R. Brooks (GA Bar No. 378018) |
| Ragsdale, Beals, Seigler, | Meghan J. Wells (GA Bar No. 806604) |
|   Patterson & Gray, LLP | Bank of America Plaza |
| 229 Peachtree Street, N.E., Suite 2400 | 600 Peachtree Street, Suite 5200 |
| 2400 International Tower | Atlanta, GA 30308 |
| Atlanta, GA 30303-1629 | (404) 885-3000 |
| (404) 588-0500 |  |
| (404) 523-6714 (fax) | harris.winsberg@troutmansanders.com |
| wrpjr@rbspg.com | matthew.brooks@troutmansanders.com |
|  | meghan.wells@troutmansanders.com |
| *Attorneys for Robert Trauner, Chapter 7 Trustee of Think Retail Solutions, LLC* | *Attorneys for Defendant Delta Air Lines, Inc.* |

Parties to be served:

| | |
|---|---|
| W. Russell Patterson, Jr. | Harris B. Winsberg |
| Ragsdale, Beals, Seigler, | Matthew R. Brooks |
|   Patterson & Gray, LLP | Meghan J. Wells |
| 229 Peachtree Street, N.E., Suite 2400 | Troutman Sanders |
| Atlanta, GA 30303-1629 | 600 Peachtree Street, Suite 5200 |
|  | Atlanta, GA 30308 |

15

Exhibit "A"

(Form of Acknowledgement)

32592423v1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In Re: ) | | CASE NO. 15-56153-mgd |
| Think Retail Solutions, LLC, ) | | CHAPTER 7 |
| Debtor ) | | |
| Robert Trauner, as Trustee for the Estate of ) Think Retail Solutions, LLC; and, as ) applicable, as Trustee for the Estate of ) Tammy P. Simpson, ) ) Plaintiff, ) ) vs. ) ) Delta Air Lines, Inc., ) ) Defendant. ) | | ADVERSARY PROCEEDING NO. 17-05078 |

**Acknowledgement**

Pursuant to 28 U.S.C. § 1746, the Undersigned makes this Acknowledgement and Declaration for use in the above-styled proceedings and the applicable Adversary Proceeding therein:[2]

1. I have read the Protective Order.

2. I understand the contents of the Protective Order, and I further understand the contents of this Acknowledgement.

3. In consideration of my execution of this Acknowledgement, I will be given access to protected material which has been designated as containing either Confidential Information or Confidential – Attorneys' Eyes Only information, as defined in the Protective Order, and which either does or may contain, embody or reference proprietary or other confidential research, development, or commercial information.

4. I agree that: (a) I shall be bound by and at all times comply with the terms, provisions, and conditions of the Protective Order; (b) I acknowledge that failure to so comply could expose the undersigned to significant damages and other liability; (c) I shall not disclose to anyone, except as provided under the terms of the Protective Order, any Confidential Information contained therein to which I am given access; (d) I shall deal with such Confidential Information strictly in accordance with procedures outlined in the Protective Order; (e) I shall not duplicate, recreate, communicate or otherwise utilize such Confidential Information except as specifically authorized by the Protective Order; and (f) I shall take all steps within my power to safeguard and maintain said Confidential Information in accordance with the Protective Order.

---

[2] Capitalized terms not defined herein shall have the meaning given thereto in the Protective Order entered in the above-captioned Bankruptcy Case on [date] [Docket No. ___] (the "Protective Order").

- 1 -

32592423v1

     5.    I further consent to the jurisdiction of the United States Bankruptcy Court for the Northern District of Georgia for the purpose of enforcing the terms of the Protective Order and this Acknowledgment, even if such enforcement proceedings occur after termination or conclusion of the relevant Adversary Proceedings.

     I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 201___.

                Signature: _____
           Printed Name: _____

     Title/ Position Held: _____

                  Address: _____
                                  _____
                                  _____

Signed, Sealed and Delivered
in the Presence of:

_____(SEAL)

Dated: _____

Case 17-05078-bem   Doc 23   Filed 09/29/17   Entered 09/29/17 10:37:30   Desc Main
Document      Page 18 of 18